VIOLATION AND REVERSING THE MILITARY JUDGE'S REMEDY OF DISMISSAL.

II. WHETHER THE ARMY COURT OF CRIMINAL APPEAL APPLIED AN ERRONEOUS VIEW OF THE LAW IN REQUIRING THE MILITARY JUDGE TO FIND "WILLFUL IGNORANCE, WILLFUL SUPPRESSION, OR OTHER MISCONDUCT" AS A CONDITION PRECEDENT FOR DISMISSAL WITH PREJUDICE FOR DISCOVERY VIOLATIONS.

In accordance with Rule 19(a)(7)(A), briefs will not be filed.

No. 15–0204/AF. U.S. v. Melvin E. Stanton, Jr. CCA 38385. Appellant's motion to supplement the record is granted.

No. 15–0377/NA. U.S. v. Nestor L. Suazo–Lopez. CCA 201300463. On consideration of the motions to supplement the record, and Appellant's motions to disqualify Colonel Jamison as government counsel and motion to appoint a special master to develop relevant facts, it is ordered that said motions to supplement the record are hereby granted, and said motion to disqualify Colonel Jamison as counsel and motion to appoint a special master to develop relevant facts are hereby denied.

No. 15–0403/AR. Armand Andreozzi, Petitioner v. United States, Respondent. On consideration of the petition for extraordinary relief in the nature of a writ of habeas corpus, and Petitioner's motion for an appointment of counsel, it is ordered that said motion is hereby denied, and said petition is hereby dismissed for lack of jurisdiction.

Tuesday, March 24, 2015

No. 15–0427/MC. U.S. v. Brian K. Parker. CCA 201400066. Appellant's motion to extend time to file the supplement to the petition for for grant of review granted to April 13, 2015.